## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**JENNIFER HAMMOND,**

  **Plaintiff,**

           **Case Number _____**

**v.**

**T & T CONSTRUCTION OF**
**CENTRAL FLA., INC.**

  **Defendant.**

_____/

### Complaint & Jury Demand

  1. The Plaintiff, Jennifer Hammond formerly known as Jennifer Ashmeade, sues Defendant, T & T Construction of Central Fla., Inc. for sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII) and the Florida Civil Rights Act (FCRA).

  2. The Honorable Court has original jurisdiction over the Title VII counts and supplemental jurisdiction over the FCRA counts.

  3. Venue is appropriate in Orlando as Plaintiff worked for Defendant in Seminole County, Florida.

  4. Plaintiff is a Florida resident.

1

5.      Defendant is domiciled in Florida.

6.      Defendant employs over 15 employees.

7.      Plaintiff dually filed a charge with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

8.       On April 15, 2019, the EEOC issued Plaintiff a right to sue letter.

9.      On June 4, 2019, the Plaintiff through counsel sought to narrow issues and explore alternative dispute resolution.

10.      Defendant did not substantively respond.

11.      Plaintiff files this suit against Defendant within 90 days of receiving a right to sue letter.

12.      Defendant has an obligation to comply with both Title VII and the FCRA.

13.      Defendant is engaged in business in Florida.

14.      Defendant is engaged in interstate commerce.

15.      Defendant was familiar with both Title VII and the FCRA before Plaintiff began working for Defendant.

16.    Plaintiff was hired as an Accounts Payable Administrator by Defendant on or about April 2016.

17.    During her employment she was sexually harassed by Defendant's Business Development Manager.

18.    The Business Development Manager earned more monies than Plaintiff.

19.    The Business Development Manager had the ability to make Plaintiff's job more difficult.

20.    The Business Development Manager had the ability to direct Plaintiff's employment.

21.    The Business Development Manager was a male.

22.    Plaintiff is female.

23.    The Business Development Manager would speak with Plaintiff regularly.

24.    When the Business Development Manager spoke with Plaintiff, he would touch himself in the crotch.

25.    The Business Development Manager touched himself in a manner that was prurient.

26.     The Business Development Manager while touching himself would comment on Plaintiff's physical appearance.

27.     The Business Development Manager made Plaintiff feel uncomfortable.

28.     The Business Development Manager repeatedly asked Plaintiff out on dates.

29.     The Business Development Manager explicitly told Plaintiff that he wanted to have sex with her.

30.     Defendant did not properly train the Business Development Manager in equal employment opportunities.

31.     Defendant was negligent in permitting its Business Development Manager to touch himself, comment on another employee's body, ask that employee out and explicitly share his sexual desires.

32.     Defendant knew or should have known that its Business Development Manager made one or more female employees uncomfortable.

33.     Plaintiff rejected Defendant's Business Development Manager's unwanted sexual advances.

34.     On or about December 12, 2016, Plaintiff directly notified her supervisor that the Business Development Manager was sexually harassing her.

35.     Defendant pretended like nothing happened.

36.     Accordingly, Plaintiff hand delivered letters to human resources on or about December 19, 2016 about being treated differently and suffering sexual harassment.

37.     Without delay Defendant promptly fired Plaintiff on the very day she reported the equal employment opportunity complaints.

38.     It is important to note that Defendant had not written up Plaintiff prior to December 19, 2016.

39.     Defendant had not even warned Plaintiff that her job was in jeopardy before December 19, 2016.

40.     Defendant fired Plaintiff on or about December 19, 2016, because she had complained about equal employment opportunity violations.

**Count I – Sexual Harassment (Title VII)**

41.    Plaintiff reincorporates paragraphs 1 through 40 as if fully stated herein.

42.    Defendant treated Plaintiff differently because of her sex.

43.    Plaintiff wanted to work for Defendant.

44.    Plaintiff was qualified for her position.

45.    The constant sexual overtures directed towards Plaintiff by Defendant changed the terms and conditions of Plaintiff's employment.

46.    Plaintiff had trouble sleeping.

47.    Plaintiff had physical pain from the sexual harassment.

48.    The harassment impacted Plaintiff's work.

49.    If Plaintiff was a male she would not have been subjected to the same sexual harassment.

50.    Defendant knew that its Business Development Manager was sexually harassing Plaintiff.

51.    Defendant was negligent in its duties.

52.    Plaintiff suffered adverse employment actions because of her gender.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, front pay, compensatory damages, attorneys' fees, costs and any other relief the Honorable Court deems appropriate.

**Count II – Retaliation (Title VII)**

53.    Plaintiff reincorporates paragraphs 1 through 40 as if fully stated herein.

54.    Plaintiff complained to Defendant that she was being discriminated against and harassed.

55.    Defendant fired Plaintiff because she complained of discrimination and harassment.

56.    Defendant retaliated against Plaintiff in violation of Title VII.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, front pay, compensatory damages, attorneys' fees, costs and any other relief the Honorable Court deems appropriate.

**Count III – Sexual Harassment (FCRA)**

57.    Plaintiff reincorporates paragraphs 1 through 40 as if fully stated herein.

58.    Defendant treated Plaintiff differently because of her sex.

59.     Plaintiff wanted to work for Defendant.

60.     Plaintiff was qualified for her position.

61.     The constant sexual overtures directed towards Plaintiff by Defendant changed the terms and conditions of Plaintiff's employment.

62.     Plaintiff had trouble sleeping.

63.     Plaintiff had physical pain from the sexual harassment.

64.     The harassment impacted Plaintiff's work.

65.     If Plaintiff was a male she would not have been subjected to the same sexual harassment.

66.     Defendant knew that its Business Development Manager was sexually harassing Plaintiff.

67.     Defendant was negligent in its duties.

68.     Plaintiff suffered adverse employment actions because of her gender.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, front pay, compensatory damages, attorneys' fees, costs and any other relief the Honorable Court deems appropriate.

**Count IV – Retaliation (FCRA)**

69.     Plaintiff reincorporates paragraphs 1 through 40 as if fully stated herein.

70.     Plaintiff complained to Defendant that she was being discriminated against and harassed.

71.     Defendant fired Plaintiff because she complained of discrimination and harassment.

72.     Defendant retaliated against Plaintiff in violation of the FCRA.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, front pay, compensatory damages, attorneys' fees, costs and any other relief the Honorable Court deems appropriate.

Respectfully submitted this 11th day of July 2019

/s/ Bernard R. Mazaheri
Bernard R. Mazaheri
Florida Bar Number 643971
Mazaheri & Mazaheri
325 Shelby Street
Frankfort, Kentucky 40601
Tel – (863) 838-3838
Email – bernie@thelaborfirm.com